IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL KENNEDY | § | |
| v. | § | CIVIL ACTION NO. 6:14cv498 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Michael Kennedy, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Kennedy was convicted of theft in Anderson County, Texas, for which he received a sentence of life in prison. The Magistrate Judge observed that Kennedy has a lengthy history of filing frivolous and vexatious pleadings, for which he has incurred thousands of dollars in sanctions. Two previous cases filed in the district court, Kennedy v. Director, cause no. 6:02cv12 (E.D.Tex., dismissed March 6, 2002, appeal dismissed July 17, 2002) and Kennedy v. Director, cause no. 6:10cv149 (E.D.Tex., dismissed January 7, 2011, no appeal taken) were dismissed for failure to show proof that the sanctions imposed against Kennedy have been satisfied. Because no such proof was provided in the present case, the Magistrate Judge recommended dismissal on this basis.

In his objections to the Magistrate Judge's Report, Kennedy argues that he is not proceeding *in forma pauperis* in the present case. However, the sanctions imposed upon him did not differentiate between paid and *in forma pauperis* cases; they were assessed for egregious conduct

1

including the submission of falsified documents to the courts on at least two separate occasions. This objection is without merit.

Next, Kennedy states that the failure to hear his petition will result in a fundamental miscarriage of justice because he is actually innocent. The fundamental miscarriage of justice exception can serve as a gateway through which inmates whose claims are procedurally barred or time-barred may pass. *See* McQuiggin v. Perkins, 133 S.Ct. 1924, 1931 (2013). In this case, Kennedy is not procedurally barred; rather, the bar placed upon him was imposed by court order. Hence, the fundamental miscarriage of justice exception does not apply.

Moreover, even if this exception did apply, Kennedy has failed to make a cognizable showing of actual innocence. The Supreme Court has stated that "a petitioner does not meet the threshold requirement [of actual innocence] unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." McQuiggin, 133 S.Ct. at 1928, *citing* Schlup v. Delo, 513 U.S. 298, 329 (1995). In House v. Bell, 547 U.S. 518, 538 (2006), the Supreme Court stated that examples of such "new reliable evidence" include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial." *See also* Fairman v. Anderson, 188 F.3d 635, 645 (5th Cir. 1999). Kennedy has wholly failed to meet this demanding standard.

After arguing that the sanctions imposed on him are unconstitutional, a patently meritless assertion, Kennedy contends that the courts have held that no federal criminal charges can be filed against him and that if federal law enforcement officers file criminal charges against him, the courts cannot accept these charges because of the Fifth Circuit's holding that the courts "should not accept or file anything with Michael Kennedy's name." Kennedy's argument that sanctions imposed against him for abuse of the judicial process should insulate him from criminal charges is manifestly absurd; in any event, he is challenging a state conviction and makes no showing that he has been subjected to federal criminal charges. This objection is without merit.

Kennedy states that he objects to a statement by United States Magistrate Judge Judith K. Guthrie that he, Kennedy, was mistaken about the law. No such statement by Judge Guthrie was made in the present case. This objection is without merit.

Finally, Kennedy argues that if he is not allowed to proceed in this case because of the sanctions, the Court should refund the filing fee which he paid. This fee became due and payable at the moment Kennedy filed his petition, and there is no statutory provision for refunds if a litigant is dissatisfied with the outcome of his case. *See, e.g.*, Williams v. Roberts, 116 F.3d 1126, 1128 (5th Cir. 1997); Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000). This objection is without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 8) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus be and hereby is **DISMISSED WITHOUT PREJUDICE** until such time as the Petitioner Michael Kennedy shows proof that all of the sanctions imposed upon him by the Fifth Circuit Court of Appeals or by any court within the jurisdiction of the Fifth Circuit have been satisfied. Kennedy cannot refile this petition until such a showing is made. It is further

**ORDERED** that the Petitioner Michael Kennedy is hereby **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

It is SO ORDERED.

SIGNED this 17th day of October, 2014.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE